## PULASKI NAT. BANK v. TILGHMAN MOYER CO.

No. 4426.

Circuit Court of Appeals, Fourth Circuit.

June 12, 1939.

Howard C. Gilmer, Jr., and O. C. Brewer, both of Pulaski, Va., for appellant.

T. X. Parsons, of Roanoke, Va. (W. H. Colhoun, of Christiansburg, Va., and Showalter, Parsons, Kuyk & Staples, of Roanoke, Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is a suit in equity brought in October, 1937, by the appellee, Tilghman Moyer Company, here referred to as the plaintiff, against the appellant, Pulaski National Bank, here referred to as the defendant, in the District Court of the United States for the Western District of Virginia, at Roanoke. The object of the suit was to enforce a mechanic's lien in the sum of $3,-732.15, with interest, balance alleged to be due for work done on the bank building of the defendant. In answering the bill the defendant filed a counterclaim and setoff against the plaintiff company and a bill of particulars was filed setting out a claim of $7,500 for defective cabinet work and inferior materials, a claim of $2,500 for loss due to delay in completion of the work, and a claim of $3,000 for damages to the acoustics of the banking room.

The defendant filed a motion to dismiss the bill or else transfer the cause to the law side of the court or, if it should be retained as an equity cause, that an issue out of chancery be ordered to try the issues of fact before a jury. The plaintiff filed its answer to the counterclaim, denying any liability as to any of the items thereof. The court overruled the defendant's motion to dismiss as well as the motion for a jury trial and the cause proceeded to a hearing before the court without a jury, to which there was no objection, evidence being taken on behalf of both the plaintiff and the defendant. At the conclusion of the hearing the judge below rendered a written opinion finding for the plaintiff, and against the defendant on all items of the counterclaim. In September, 1938, a decree was entered in accordance with the opinion. From this action this appeal was brought.

The plaintiff entered into a written contract with the defendant for the remodeling of its bank room at Pulaski, Virginia. The contractor was to furnish all labor and materials and the contract price was $17,500, which included a fee of $2,100 to the contractor; the contract provided that if the actual cost plus the fee of $2,100 was less than the contract price then the difference was to be refunded to the bank. The work was to be finished within a certain specified time. Payments were made from time to time as the work progressed and when completed it was found that the actual total cost of the work had been less by $1,331.78 than had been estimated. After giving credit for this saving, which accrued to the bank, a balance was alleged to be due the plaintiff of $3,732.15.

The defendant refused to settle, claiming that the work was not satisfactory and had not been done according to contract. The plaintiff filed, in the Clerk's office of Pulaski County, a memorandum to perfect a mechanics lien upon the bank

472

building. Code of Virginia, Sections 6426, 6427.

The court found against the defendant on the item of damages claimed for defective work and inferior materials holding that, under the evidence, the materials used were of good quality and the work was done according to specifications. On this issue the court further held that the plaintiff had carried out the plans as proposed by it in accordance with the specifications and that the fact that the work when completed did not meet with the approval of the defendant did not furnish a valid ground for a claim for damages. The court also held that were it inclined to fix an amount as due the defendant on this issue that sufficient evidence had not been offered from which any definite amount could be ascertained.

The court found that the defendant had shown no grounds for any recovery with respect to delay in completion of the work beyond the time fixed in the contract as no provision for such damages was in the contract and the defendant had not shown that it suffered any damages on this account. There was evidence to the effect that part of the delay was caused by the action of the defendant.

The court also held against the defendant on a claim for damages to the acoustics of the bank room for the reason that the plan of remodeling was known to the defendant before the work began and was carried out according to specifications and that the plaintiff was not responsible for the fact that the work resulted in defective acoustics even if such were the fact; that conditions which interfere with the acoustical properties of any room are uncertain and not readily susceptible of predetermination.

The court finally held the defendant at fault for not having agreed to arbitrate the differences between the plaintiff and the defendant as to the quality of the work and materials, as provided in the written contract. The judge below, in his opinion, stated that a court of equity may be justified in refusing to grant affirmative relief to a litigant who has broken his agreement to arbitrate (3 Am.Jur. 907; 47 L.R.A.,N.S., 368), but it is not necessary for us to decide this point.

A careful examination of the record leads us to the conclusion that in all his findings the trial judge was sufficiently supported by the evidence. Giving to the findings of a judge, who heard the evidence and saw the witnesses, that weight to which it is entitled, it follows that the decree of the court below must be affirmed.

Affirmed.